**IT IS ORDERED as set forth below:**



**Date: December 11, 2024**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLORIA JENNIFER EZECHUKWU, | ) | CASE NO. 23-62306- LRC |
| aka Gloria Ezechukwu | ) | |
| aka Gloria J Ezechukwu, | ) | |
| | ) | |
| Debtor. | ) | |

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

Before the Court is the Motion to Extend Time to Seek Counsel and Gather Documents to Submit for Pending Appeal (Doc. 67, the "Motion"), filed by Gloria Jennifer Ezechukwu ("Debtor"). As the appeal at issue is of an order granting a motion to sell property of the bankruptcy estate, this matter constitutes a core

proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(N); § 1334.

## Procedural History

With the assistance of counsel, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code[1] (the "Code") on December 12, 2023. Neil C. Gordon was appointed Chapter 7 trustee (the "Trustee"). On January 17, 2024, the Trustee filed a report of assets and requested a claims bar date be set. (Doc. 11).

On April 15, 2024, the Trustee filed a Motion for an Order (A) Compelling Debtor to (I) Perform Her Statutory Duties and (II) Turn Over Property of the Estate and (B) Prohibiting Debtor from Removing Fixtures or Property of the Estate (Doc. 26, the "Motion to Compel"). According to the Motion to Compel, the original meeting of creditors was held virtually (via Zoom) on January 17, 2024, but was continued for the Debtor to produce certain documents and information and Debtor failed to attend the next two (2) continued § 341 Meetings scheduled for February 23, 2024, and March 18, 2024. The day before the next § 341 Meeting was to be held, Debtor finally produced some documents for Trustee's review. The Trustee also stated that he was attempting to market and sell certain real property known generally as 812 Bufflehead Court, Stockbridge,

---

[1] Title 11 of the United States Code.

Henry County, Georgia 30281 (the "Property"). The Trustee asserted that Debtor had scheduled the Property as being subject to a "fictitious" lien held by a company in Ago, Lagos, Nigeria, that was "designed to cover up the equity in the Property and was generally not cooperating with the Trustee's efforts to sell the Property. He requested entry of an order directing Debtor to vacate the Property or certain alternative relief that would enable the Trustee to sell the Property.

In response, Debtor filed a motion to convert her case to Chapter 13. (Doc. 28). After the Trustee objected to the conversion, Debtor withdrew the motion to convert and entered a consent order on the Motion to Compel (Doc. 34, the "First Consent Order") that essentially granted the alternative relief. In the First Consent Order, Debtor agreed to fully cooperate with Trustee in all respects; immediately allow Trustee's duly-appointed real estate broker (the "Broker") to place a "For Sale" sign in the front yard of the Property and promptly provide Broker with a front-door key for the lockbox on the front door; maintain all utilities of the Property; maintain the Property in a clean and proper condition for showings; fully cooperate with Broker and other licensed agents showing the Property; and before the closing of any sale of the property, leave the Property in a clean, broom-swept condition, with all fixtures and appurtenances remaining with and attached to the Property. All of this was without prejudice to the Trustee's right to seek further relief, including having Debtor removed from the Property by

the U.S. Marshal service.

On July 10, 2024, the Trustee filed his Notice of Default, Request for Show-Cause Hearing, and Renewed Motion for Turnover of the Property (Doc. 40, the "Show Cause Motion").  In the Show Cause Motion, the Trustee alleged that Debtor had failed to comply with the First Consent Order by being "very resistant" to all showings of the Property.  Specifically, Debtor followed the agent and potential buyers from room to room telling them that her lawyer said there is no chance that the Property will be sold and told multiple agents "I have no intention of selling this house."  The Court held a show cause hearing on August 1, 2024, at which time credible testimony was given regarding Debtor's conduct, and the Court directed the Trustee and Debtor's counsel to work towards a second consent order, which was entered on August 26, 2024 (Doc. 45, the "Second Consent Order").  In the Second Consent Order, Debtor agreed: that, if given 2.5 hours of notice before a showing of the Property, neither Debtor nor any family member or friend would be in the Property; not to communicate with any prospective purchasers; and to leave the key to the Property in the lockbox. Again, the relief granted in the Second Consent Order was without prejudice to the Trustee's right to seek further relief, including having Debtor removed from the Property by the U.S. Marshal service.

On October 17, 2024, the Trustee filed his Motion for an Order Authorizing

(I) the Sale of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disbursement of Certain Proceeds at Closing (Doc. 48, the "Motion to Sell"). The Motion to Sell sought Court approval to sell the Property to Devarious and Shanice Butler (the "Buyers"), to pay the valid liens on the Property, and pay a portion of the expected surplus to Debtor. The contract attached to the Motion to Sell indicated the sale would close on November 15, 2024, or within ten days of the date upon which the Court approved the sale. The Motion to Sell requested a finding that the Trustee and the Buyers were acting in good faith within the meaning of § 363(m) and that the automatic fourteen-day stay provided by Rule 6004(h) be waived. The Trustee also filed an Emergency Motion for Apprehension and Removal of Debtor from the Property (Doc. 51, the "Emergency Motion"), in which he alleged that, when updating his title search of the Property, he discovered that, postpetition, Debtor had attempted to transfer an interest in the Property *via* quitclaim deed to Prince I Mathias and that she had told the Broker that she would refuse to vacate the Property. Worried that Debtor would try to interfere with the closing of the sale, the Trustee sought an order that would authorize the U.S. Marshal to apprehend and remove Debtor from the Property, if necessary.

    The Court held a hearing on the Motion to Sell and the Emergency Motion on November 14, 2024. Debtor did not file a written response but appeared at the

hearing *pro se*, her counsel having moved to withdraw from the case with Debtor's consent on October 31, 2024. The Court heard argument regarding the matters. Debtor did not raise any substantive objections to the sale itself or put forth any alternative that would allow for payment of creditors without the sale of the Property. Accordingly, given that the case was nearly one year old and Debtor had known about the possibility of a sale of the Property for several months, the Court was constrained to overrule Debtor's objection and approve the sale and did so by order entered on November 14, 2024 (Doc. 57, the "Sale Order"). The Court waived the automatic fourteen-day stay provided by Rule 6004(h) due to the representation of the Broker that a further delay could result in the loss of the sale to the Buyers and made a finding that the sale was made in good faith within the meaning of § 363(m). The Court also granted the Emergency Motion (Doc. 58).

On November 20, 2024, Debtor filed a Notice of Appeal of the Sale Order (Doc. 62). Debtor did not seek a stay pending appeal until December 3, 2024. According to the Trustee's report of sale, the sale of the Property was consummated and distributions of sale proceeds were made on December 4, 2024. (Doc. 68). In the Motion, Debtor appears to address most of her request for relief to the District Court, including a request for additional time to file documents required for the appeal. She also requests a stay to "Stop any and all prior,

current, and future Court Rulings, Legal Proceedings, and Action from the Un[it]ed States Bankruptcy Court Northern District of Georgia case number 23-62306-LRC." The Motion does not specifically request a stay of the Sale Order or directly address the request to this Court. However, as Rule 8007(a) provides that a request for a stay pending appeal shall typically be made to the Bankruptcy Court in the first instance and Debtor filed the Motion in this Court, the Court will construe the Motion as a motion for a stay pending appeal of the Sale Order addressed, in the first instance, to this Court.

## Conclusions of Law

A court's decision to grant or deny a motion for stay pending appeal lies solely in its discretion. *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987); *see also Matter of Webb,* 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017). To obtain a stay pending appeal of a bankruptcy court order, the movant must demonstrate: 1) the movant is likely to prevail on the merits of its appeal; 2) the movant will suffer irreparable harm if no stay is granted; 3) the other parties to the litigation will not suffer substantial harm; and 4) the relief requested is not contrary to the public interest. *In re Cullinan*, 648 B.R. 129, 132 (Bankr. N.D. Ga. 2023) (citing *In re McKenzie*, 2009 WL 6499259, at *1 (Bankr. N.D. Ga. Oct. 30, 2009)); *see also Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (stay pending appeal is an "exceptional response granted only

upon a showing of four factors"); *In re Brampton Plantation, LLC*, 2011 WL 7268054, at *1 (Bankr. S.D. Ga. Nov. 22, 2011); *Waid v. Mission Coal Co., LLC*, 2019 WL 3322813, at *3 (N.D. Ala. July 24, 2019) ("The party seeking the stay bears the burden of proving each element."). "Each of the four factors imposes a high standard for obtaining a stay pending appeal," but the "first two factors are the most critical." *Id*. (citing *Nken v. Holder*, 556 U.S. 418, 433–34, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)). "Ordinarily, the first factor, likelihood of success on appeal, carries the most weight when determining whether to grant a stay pending appeal." *Matter of Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017) (Drake, J.). If the "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay, the movant need only show a substantial case on the merits." *Id*.; *see also In re Rabin*, 2007 WL 1098785, at *1 (Bankr. S.D. Fla. Apr. 9, 2007) ("Although the appellant must typically show that success on the merits is 'likely or probable,' a stay may nevertheless be issued where the appellant demonstrates that his or her chances of success are merely 'substantial' so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements.").

After considering these factors below, the Court concludes that Debtor's request for a stay pending appeal of the Sale Order should be denied. At the moment, other than the Motion, there are no matters pending before the Court that

could result in a future court ruling, legal proceedings, or actions. The Trustee's report of sale indicates that the Trustee has already distributed the sale proceeds as necessary to close the sale and pass title of the Property to the Buyers and suggests that the Trustee has already relied upon the assistance of the U.S. Marshal to remove Debtor from the Property. Accordingly, to the extent that Debtor is seeking a stay of further proceedings in the bankruptcy case, as permitted by Rule 8007(e), the Court cannot, at this time, determine whether such a stay is necessary to prevent irreparable harm and, for the reasons outlined below, Debtor has not shown, and cannot show, that she can prevail on her appeal as required for a stay under Rule 8007(e). This decision is without prejudice to Debtor's right to file a renewed motion for a stay under Rule 8007(e) if circumstances should change.

To the extent that Debtor is seeking a stay of the Sale Order itself, Debtor has not met, and could not meet, her burden of showing a "probable" likelihood of success on the merits on appeal, or even that she has a "substantial case on the merits." First, the Court notes that, because the sale of the Property has already occurred, "there is the logical problem of seeking a 'stay' of something that has already happened." *Barnhill v. Pregent*, 2010 WL 1791170, at *3 (M.D. Pa. May 3, 2010). But most importantly, Debtor cannot show even a substantial case on the merits because her appeal is statutorily moot under § 363(m). Debtor did not obtain a stay pending appeal before the sale of the Property closed. *See* 11

U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."); *In re Steffen*, 552 F. App'x 946, 949 (11th Cir. 2014) ("We have articulated 'a flat rule governing all appeals of section 363 authorizations,' namely that '[b]ecause this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot.'"); *Waid v. Mission Coal Co., LLC*, 2019 WL 3322813, at *6 (N.D. Ala. July 24, 2019) ("[I]f the appeal is moot, the Waid Claimants cannot show a substantial likelihood of success on the merits."). Further, a stay now would not prevent irreparable harm to Debtor, since the harm to Debtor from the sale of the Property has already occurred. *Id*. at *7. As Debtor cannot meet the two most critical factors of the test, the Court need not consider further the remaining two factors.

## Conclusion

For the reasons stated above, the Court finds that the Motion, to the extent that it is a request for a stay pending appeal addressed to this Court, must be, and hereby is, **DENIED**.

## **END OF DOCUMENT**

**Distribution List**

**Neil C. Gordon**
Taylor English Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

**Gloria Jennifer Ezechukwu**
812 Bufflehead Court
Stockbridge, GA 30281

**Gloria Jennifer Ezechukwu**
2418 Brookgate Way
Ellenwood, GA 30294

**Jonathan S. Adams**
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303